N O T E : C H A N G E S   M A D E   B Y   T H E   C O U R T

1  LOUIS R. MILLER (State Bar No. 54141)
   smiller@millerbarondess.com
2  AMNON Z. SIEGEL (State Bar No. 234981)
   asiegel@millerbarondess.com
3  JUSTIN BROWNSTONE (State Bar No. 265950)
   jbrownstone@millerbarondess.com
4  MILLER BARONDESS, LLP
   1999 Avenue of the Stars, Suite 1000
5  Los Angeles, California 90067
   Telephone:  (310) 552-4400
6  Facsimile:  (310) 552-8400

7  Attorneys for Plaintiff and Counter-Defendant
   OPUS BANK; and, Plaintiffs STEPHEN H.
8  GORDON and DONALD E. ROYER

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12 OPUS BANK, a California Commercial Bank, STEPHEN H. GORDON, an<br>13 individual, and DONALD E. ROYER, an individual, | **CASE NO.  2:14-cv-02289-CJC (JPRx)**<br><br>Assigned to the Hon. Cormac J. Carney Magistrate Judge Jean P. Rosenbluth |
| 14 Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| 15 v. | |
| 16 LIBERTY INSURANCE<br>17 UNDERWRITERS, INC., A New York Corporation, | Action Filed:  March 25, 2014<br>Trial Date:     September 1, 2015 |
| 18 Defendant. | Discovery Cut-Off:  March 16, 2015<br>Pretrial Conf.:  June 15, 2015 |
| 19 | |
| 20 | |
| 21 **AND RELATED CROSS-ACTION.** | |
| 22 | |

23

24

25

26

27

28

202537.1

1

STIPULATED PROTECTIVE ORDER

# STIPULATED PROTECTIVE ORDER

Plaintiffs Opus Bank, Stephen H. Gordon and Donald E. Royer ("Plaintiffs"), and Defendant Liberty Insurance Underwriters, Inc. ("Liberty"), by and through their respective counsel of record, hereby agree and stipulate to this Stipulation and Protective Order as follows:

**Proceedings and Information Governed.**

1.      This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action that are designated by a party as "Confidential" or "Confidential—Outside Attorney Eyes Only" in accordance with the terms of this Order, as well as, to the extent allowed under the provisions of this order, any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2.      For purposes of this Protective Order, (a) the "Confidential" designation shall mean that the material is comprised of confidential trade secrets, commercial information, or other confidential information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential, (b) the "Confidential Outside Attorney Eyes Only" designation shall mean that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, data security, technical, marketing, any other

202537.1

2

1  sensitive trade secret information.

2      3.      Materials designated "Confidential" or "Confidential Outside Attorney

3  Eyes Only" are collectively referred to as "Protected Information."  Protected

4  Information does not include, and this Protective Order shall not apply to,

5  information that is already in the knowledge or possession of the party to whom

6  disclosure is made unless that party is already bound by agreement not to disclose

7  such information, or information that has been disclosed to the public or third

8  persons in a manner making such information no longer confidential and disclosure

9  of any such information shall not be a violation of this Order.  Documents and

10  materials marked in a manner similar to any designation of Protected Information

11  shall be treated as "Confidential Outside Attorney Eyes Only," subject to any

12  written agreement of the parties to otherwise designate the documents and materials

13  in question.

14      4.      Documents and things produced during the course of this litigation

15  within the scope of paragraph 2(a) above, may be designated by the producing party

16  as containing Confidential Information by placing on each confidential page and

17  each thing a legend substantially as follows:

18                          **CONFIDENTIAL**

19                  **SUBJECT TO PROTECTIVE ORDER**

20      5.      Documents and things produced during the course of this litigation

21  within the scope of paragraph 2(b) above may be designated by the producing party

22  as containing Confidential Attorney Eyes Only Information by placing on each page

23  and each thing a legend substantially as follows:

24          **CONFIDENTIAL OUTSIDE ATTORNEY EYES ONLY**

25                  **SUBJECT TO PROTECTIVE ORDER**

26      6.      A party may designate information disclosed at a deposition as

27  Confidential or Confidential Outside Attorney Eyes Only by requesting the reporter

28  to so designate the transcript or any portion thereof at the time of the deposition.  If

202537.1

3

STIPULATED PROTECTIVE ORDER

1  no such designation is made at the time of the deposition, any party shall have

2  fourteen (14) calendar days after the date of the deposition to designate, in writing to

3  the other parties and to the court reporter, whether the transcript is to be designated

4  as Confidential or Confidential Outside Attorneys Eyes Only.  If no such

5  designation is made at the deposition or within such fourteen (14) calendar day

6  period (during which period, the transcript shall be treated as Confidential Outside

7  Attorneys Eyes Only Information, unless the disclosing party consents to less

8  confidential treatment of the information), the entire deposition will be considered

9  devoid of Confidential Information or Confidential Outside Attorneys Eyes Only

10  Information.  Each party and the court reporter shall attach a copy of any final and

11  timely written designation notice to the transcript and each copy thereof in its

12  possession, custody or control, and the portions designated in such notice shall

13  thereafter be treated in accordance with this Protective Order.

14       7.       It is the responsibility of counsel for each party to maintain materials

15  containing Confidential or Confidential Outside Attorneys Eyes Only in a secure

16  manner and appropriately identified so as to allow access to such information only

17  to such persons and under such terms as is permitted under this Protective Order.

18  **Inadvertent Failure to Designate.**

19       8.       The inadvertent failure to designate or withhold any information as

20  confidential or privileged will not be deemed to waive a later claim as to its

21  confidential or privileged nature, or to stop the producing party from designating

22  such information as confidential at a later date in writing and with particularity.  The

23  producing party shall immediately, upon discovery of the inadvertent failure to

24  designate, notify the other parties of the error in writing and provide replacement

25  pages bearing the appropriate confidentiality legend.  The information shall be

26  treated by the receiving party as Protected Information from the time the receiving

27  party is notified in writing of the change in the designation.

28

202537.1

4

STIPULATED PROTECTIVE ORDER

**Challenge to Designations.**

9.     A receiving party may challenge a producing party's designation at any time that is consistent with the Court's Scheduling Order.  The failure of a receiving party expressly to challenge the designation of any document or information at the time of disclosure shall not constitute a waiver of the right to challenge the designation at any subsequent time.  Any receiving party disagreeing with a designation may request in writing that the producing party change the designation.

10.     The receiving party shall initiate the dispute resolution process under Local Rule 37.1 *et. seq.*  The burden of persuasion in any such challenge proceeding shall be on the producing party.

11.     Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

12.     Protected Information may only be used for purposes of preparation, trial and appeal of this action.

13.     Protected Information designated Confidential may be disclosed by the receiving party only to the following individuals provided that such individuals are subject to  the terms of this Protective Order: (a) employees or officers of the receiving party, or of suppliers, manufacturers, potential indemnitors, or indemnitors of the receiving party, who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (b) in-house counsel who are identified by the receiving party, and who may be employed by suppliers, manufacturers, potential indemnitors, and indemnitors of the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by employees of the receiving party and/or outside counsel, such as paralegals, legal secretaries, assistants, data entry clerks, legal clerks and private photocopying services; (e) experts, consultants, or technical advisors, provided that each such

person first acknowledges in writing, under oath, that he or she has read this Order and agrees to be bound by its terms, by executing the Undertaking attached to this Order as Exhibit A; (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (g) those individuals designated in paragraph 15(c).

14.     Confidential Outside Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals provided that such individuals are subject to the terms of this Protective Order: (a) outside counsel for the receiving party; (b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) experts, consultants, or technical advisors, provided that each such person first acknowledges in writing, under oath, that he or she has read this Order and agrees to be bound by its terms, by executing the Undertaking attached to this Order as Exhibit A; and (d) those individuals designated in paragraph 15(c).

15.     In addition, Protected Information designated Confidential or Confidential Outside Attorney Eyes Only may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

(a)     the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

(b)     the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c)     counsel for the party designating the material agrees that the material may be disclosed to the person. In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the

202537.1

6

1  Protective Order, may be present during the disclosure or discussion of

2  Confidential Information. Disclosure of material pursuant to this paragraph

3  shall not constitute a waiver of the confidential status of the material so

4  disclosed.

5  **Non-Party Information.**

6  16.    The existence of this Protective Order shall be disclosed to any person

7  producing documents, tangible things or testimony in this action who may

8  reasonably be expected to desire confidential treatment for such documents, tangible

9  things or testimony. Any such person may designate documents, tangible things or

10  testimony as Protected Information pursuant to this Protective Order.

11  **Filing Documents With the Court.**

12  17.    In the event that any party wishes to submit Protected Information to

13  the Court, the party shall follow the procedures prescribed by the Hon. Cormac J.

14  Carney in the Judge's "Procedures for Presenting Documents Electronically for

15  Sealing," available at

16  http://court.cacd.uscourts.gov/CACD/JudgeReq.nsf/0/f97a9c7aab12666d882579f50

17  06b081d/$FILE/UNDER%20SEAL%20INSTRUCTIONS.pdf  or by Judge

18  Rosenbluth on her court webpage.

19  **No Prejudice.**

20  18.    Producing or receiving Protected Information, or otherwise complying

21  with the terms of this Protective Order, shall not (a) operate as an admission by any

22  party that any particular Protected Information contains or reflects trade secrets or

23  any other type of confidential or proprietary information; (b) prejudice the rights of

24  a party to object to the production of information or material that the party does not

25  consider to be within the scope of discovery; (c) prejudice the rights of a party to

26  seek a determination by the Court that particular materials be produced; (d)

27  prejudice the rights of a party to apply to the Court for further protective orders; or

28  (e) prevent the parties from agreeing in writing to alter or waive the provisions or

202537.1

1   protections provided for herein with respect to any particular information or

2   material.

3   **Conclusion of Litigation.**

4   19.   Within sixty (60) calendar days after final judgment in this action,

5   including the exhaustion of all appeals, or within sixty (60) calendar days after

6   dismissal pursuant to a settlement agreement, each party or other person subject to

7   the terms of this Protective Order shall be under an obligation to destroy or return to

8   the producing party all materials and documents containing Protected Information,

9   and to certify to the producing party such destruction or return.

10   20.   However, outside counsel for any party shall be entitled to retain all

11   court papers, trial transcripts, exhibits and attorney work provided that any such

12   materials are maintained and protected in accordance with the terms of this

13   Protective Order.  The obligations of this paragraph shall not extend to disaster

14   recovery tapes to the extent information housed on such tapes is not accessible in the

15   ordinary course of business.  This paragraph shall not operate to terminate the effect

16   of this Protective Order, and the provisions of this Protective Order shall continue to

17   be binding after termination of this litigation (except with respect to those

18   documents and information that become a matter of public record).

19   **Other Proceedings.**

20   21.   By entering this Order and limiting the disclosure of information in this

21   case, the Court does not intend to preclude another court from finding that

22   information may be relevant and subject to disclosure in another case.  Any person

23   or parties subject to this Protective Order that may be subject to a motion to disclose

24   another party's information designated Confidential pursuant to this Protective

25   Order, shall promptly notify that party of the motion so that it may have an

26   opportunity to appear and be heard on whether that information should be disclosed.

27   **Remedies.**

28   22.   This Protective Order will be enforced by the sanctions set forth in

202537.1

8

Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

23.   Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.

DATED:  January 8, 2015          Respectfully submitted,

MILLER BARONDESS, LLP

By: ___/s/ *Amnon Z. Siegel*_____
       AMNON Z. SIEGEL
       Attorneys for Plaintiff and Counter-
       Defendant OPUS BANK; and Plaintiffs
       STEPHEN H. GORDON and DONALD
       E. ROYER

Dated:  January 8, 2015

KUTAK ROCK LLP

By: __/s/_____
       Julie Dean Larsen
       Attorneys for Defendant,
       LIBERTY INSURANCE
       UNDERWRITERS. INC.

## **ORDER**

**FOR GOOD CAUSE SHOWN**, **IT IS SO ORDERED.**

Dated: January 14, 2015          _____
                                 **HONORABLE JEAN P. ROSENBLUTH**
                                 United States Magistrate Judge

202537.1

9

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OPUS BANK, a California Commercial Bank, STEPHEN H. GORDON, an individual, and DONALD E. ROYER, an individual,<br><br>            Plaintiffs,<br><br>v.<br><br>LIBERTY INSURANCE UNDERWRITERS, INC., A New York Corporation,<br><br>            Defendant. | **CASE NO.  2:14-cv-02289-CJC (JPRx)**<br><br>Assigned to the Hon. Cormac J. Carney<br><br>**UNDERTAKING RE: STIPULATED AND PROTECTIVE ORDER**<br><br>Action Filed: March 25, 2014 |

**AND RELATED CROSS-ACTION.**

1.      I hereby affirm that:

2.      Information, including documents and things, designated as "Confidential" or "Confidential Outside Attorney Eyes Only" (collectively, "Protected Information") as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

3.      I have been given a copy of and have read the Protective Order.

4.      I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

5.      I submit to the jurisdiction of this Court for enforcement of the Protective Order. I agree not to use any Protected Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned

202537.1

10

STIPULATED PROTECTIVE ORDER

1 | litigation and not to disclose any such information to persons other than those
2 | specifically authorized by said Protective Order, without the express written consent
3 | of the party who designated such information as confidential or by order of this
4 | Court.

5 | I state under penalty of perjury under the laws of the United States of
6 | America that the foregoing is true and correct.

7 |

8 | By: _____
9 |

10 | Executed On: _____
11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

202537.1

11

STIPULATED PROTECTIVE ORDER